**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALYSSA CRAIG, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| WILLIAMS & FUDGE, INC., | |
| Defendant. | |

Plaintiff ALYSSA CRAIG (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, by and through her undersigned attorney, alleges against the above-named Defendant WILLIAMS & FUDGE, INC. (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Ocean County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant WILLIAMS & FUDGE, INC. ("Defendant") is a South Carolina corporation with its principle place of business located at 300 Chatham Avenue, Rock Hill, South Carolina 29731.

9. Defendant is a company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone, in its business, the principal purpose of which is to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey via collection letters, phone calls, credit reports and lawsuits. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

10. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

**Class 1**

- All New Jersey consumers who were sent collection letters and/or notices from Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

### Class 2

- All New Jersey consumers who received telephone calls from Defendant and which included the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or calls from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy) as well as standard scripted telephone calls.
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously

and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

16. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

17. Sometime prior to January 7, 2019, Plaintiff allegedly incurred a financial obligation to Ocean County College ("OCC") related to a college tuition obligation. ("the Debt").

18. The Debt arose out of a transaction in which money, property, insurance

or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. OCC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Sometime prior to January 7, 2019, OCC either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22. At the time the Debt was assigned, placed or transferred to Defendant, the Debt was in default.

23. On or about January 7, 2019, Defendant received a telephone call from Defendant with the caller ID showing that the call originated from 732-573-4866. Based upon information and belief, this was Defendant's initial communication with Plaintiff.

24. During the telephone call, the Defendant failed to indicate to Plaintiff that this call was from a debt collector and that this was an attempt to collect a debt.

25. Defendant's conduct during the call was harassing and abusive.

26. Within 5 days of the January 7, 2019 telephone communication with Plaintiff, Defendant should have sent Plaintiff a written communication to Plaintiff containing the disclosures required by section 1692g of the FDCPA. However, no such written communication was ever received by Plaintiff.

27. Subsequently, several months later, Plaintiff received a letter from Defendant dated September 27, 2019 which sought to collect from Plaintiff a total amount of $5,815.00 regarding the Debt. Attached as Exhibit A is a copy of the September 27, 2019 collection letter ("the Collection Letter").

28. The September 27, 2019 collection letter was Defendant's initial written communication with Plaintiff

29. Upon receipt, Plaintiff read the September 27, 2019 collection letter.

30. Since the Collection Letter was Defendant's initial written communication to Plaintiff, it should have included the disclosures required by section 1692g of the FDCPA, but it did not.

31. The Collection Letter contains the following language:

> We are proposing the following payment arrangement in order **to start** repayment of your debt. The arrangement is **temporary** and will be continually re-evaluated.
> …
>
> Proposal:
> Amount:$ 121.15
> Frequency:  Monthly
> Number of Payments: 48

(emphasis added)

32. The Collection Letter is false, deceptive and/or misleading, since it indicates that the payment plan is "to start" repayment of the debt and the payment plan was only "temporary", when in fact under the terms of the proposal, the debt would have been paid off in full.

33. Although, the Collection Letter indicates that the proposal is a "start" of the repayment of the debt, had all 48 monthly payments for $121.15 each been made under the terms of the proposal, Plaintiff would have paid off $5815.20 – 20 cents more than the full amount of the debt.

34. The least sophisticated consumer could understand from the language of

the Collection Letter that completion of all 48 monthly payments was only the start of the repayment plan, and that even after making all 48 payments the Debt still would not have been satisfied.

35. Also, since the payment arrangement was only "temporary", Defendant could have unilaterally changed the terms of the proposal at any time. For example, even if Plaintiff began to comply with the suggested proposal, after making one or more payments at $121.15 per month, Defendant could have changed the payment arrangement by requiring that Plaintiff pay any remaining balance immediately, pay at a different frequency or pay a different amount to Defendant.

36. As such, the proposed settlement offer was illusory, and did not contain a definitive amount that Plaintiff would have to pay in order to pay-off the debt.

37. The Collection Letter was sent or caused to be sent by a person employed by Defendant as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. The Collection Letter was a "communication" as defined by 15 U.S.C. § 1692a(2).

39. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

40. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

41. Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

42. Defendant violated Plaintiff's right to a trustful and fair debt collection process.

43. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

44. Defendant's communication was designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

45. Defendant's collection letter provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

46. Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

48. As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

49. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

50. The failure of Defendant to provide correct information impeded

Plaintiff's ability to make a well-reasoned decision.

51. Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will he hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

52. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## **POLICIES AND PRACTICES COMPLAINED OF**

53. It is Defendant's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Using unfair or unconscionable means to collect or attempt to collect any debt and/or,

    (c) failing to comply with the disclosure requirements of section 1692g

54. On information and belief, Defendant sent written communications in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS**

55. Plaintiff repeats the allegations contained in paragraphs 1 through 54 as if the same were set forth at length.

56. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

57. By sending a collection letter, the same as or substantially similar to the September 27, 2019 collection letter, Defendant violated:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

F. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law;

G. 15 U.S.C. §1692g by failing to provide the disclosures in the initial written communication as required.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding reasonable attorneys' fees, costs and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         December 15, 2019

                              Respectfully submitted,

                              By: s/ Lawrence C. Hersh
                                  Lawrence C. Hersh, Esq.
                                  17 Sylvan Street, Suite 102B
                                  Rutherford, NJ  07070
                                  (201) 507-6300
                                  *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 15, 2019           By: <u>s/ Lawrence C. Hersh</u>
                                                                           Lawrence C. Hersh, Esq

EXHIBIT A

| Consumer Information | |
|---|---|
| Williams & Fudge, Inc. Consumer ID # | ▇▇405 |
| Williams & Fudge, Inc. Pin # | ▇▇ |
| Amount Due for Accounts Listed Below | $5,815.00 |

**WILLIAMS & FUDGE, INC.**
300 Chatham Ave., P.O. Box 11590
Rock Hill, SC 29731-1590
1-803-329-9791    1-800-551-5772
TTY: 1-866-220-2920

September 27, 2019

**Account(s) Details**

| Creditor | Account # | Amount Owed |
|---|---|---|
| OCEAN COUNTY COLLEGE AR1 | ▇▇38 2016FA | 2,908.00 |
| OCEAN COUNTY COLLEGE AR1 | ▇▇38 2017SP | 2,907.00 |
| | | $5,815.00 |

We represent the above creditor(s) to collect the total amount from you in connection with the above delinquent account(s). We want to continue to find a way to work with you in order to clear this outstanding balance. We are proposing the following payment arrangement in order to start repayment of your debt. The arrangement is temporary and will be continually re-evaluated. You may contact my office at the extension below or communicate with me via my email address to set up this payment arrangement. If any of the above amount(s) is/are from and Federal Student Loan Program, all provisions of the original note(s) are still in effect.

Proposal:

Amount: $ 121.15
Frequency: Monthly
Number of Payments: 48

Williams & Fudge, Inc.
Matt Granzotto
803-326-2959
mgranzotto@wfcorp.com

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

**As a convenience we provide multiple methods for payment of the above balance.**

**Online/Mobile App Payments**
www.wfpayaccounts.com
ElectronicChecks (ACH), Visa, Master Card, and Discover
You may also view account information at our website by selecting the "Check Balance" option.

**Pay by Phone**
Matt Granzotto   803-326-2959   mgranzotto@wfcorp.com
ElectronicChecks (ACH), Visa, Master Card, and Discover

**Pay by Mail**
Williams & Fudge, Inc.
P.O. Box 11590
Rock Hill, SC 29731-1590

Note: Payment by debit/credit card is not allowed by every Williams & Fudge, Inc. client. If you attempt to pay your debt via credit card and the applicable creditor does not allow Williams & Fudge, Inc. to accept credit card payments, then we will not run your payment. We will attempt to contact you to secure an alternate method of payment. Please contact us prior to attempting a credit card payment if you have any questions or concern.

402TTWILL11G4